HUNSTEIN, Justice,
concurring.
I agree with the majority opinion that Ingram’s ineffective-assistance-of-trial-counsel claim is procedurally barred. See Sanders v. State, 289 Ga. 655, 659 (715 SE2d 124) (2011). I write specially to remind all prosecutors in this State
that it is not their job to pursue stunts and antics during their closing arguments that are designed merely to appeal to the prejudices of jurors, but to see that justice is done and nothing more. That duty should not be forgotten in an excess of zeal or the eager quest for victory in any given case. The people of the state desire merely to ascertain beyond a reasonable doubt that the accused is guilty of the crime charged, and do not countenance any unfairness upon the part of their representatives in court.
(Citations and punctuation omitted.) Smith v. State, 288 Ga. 348, 356 (10) (b) (703 SE2d 629) (2010). Likewise, the trial judges of this State have a duty to maintain dignity and decorum in their courtrooms, see R.W. Page Corp. v. Lumpkin, 249 Ga. 576, 581 (9) (292 SE2d 815) (1982), and, trial judges have the authority “to control the courtroom by putting an end to the display of the prosecutor, even absent an objection from defense counsel.” Smith, 288 Ga. at 356.